IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JIMMY T. BROWN**                                                                                                 **PETITIONER**

**v.**                              **No. 3:18CV174-NBB-DAS**

**WARDEN JOSH DAVIS**                                                                **RESPONDENT**

**Consolidated With**

**JIMMY T. BROWN**                                                                             **PETITIONER**

**v.**                              **No. 3:20CV75-DMB-RP**

**WARDEN JOSH DAVIS**                                                                **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Jimmy T. Brown for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to exhaust state court remedies. The petitioner has not responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state remedies, and this case will be held in abeyance so that the petitioner may exhaust his remedies in state court.

**Facts and Procedural Posture**

On May 6, 2015, a jury found petitioner Jimmy T. Brown guilty of fondling in a position of trust or authority (Count I) and fondling (Count II). *See* State Court Record ("SCR"), Vol. 1 at 117–18; Vol. 5 at 232. The victim was his minor granddaughter. On July 7, 2015, the Desoto County Circuit Court sentenced Brown to a ten-year suspended sentence, with ten years of post-release supervision ("PRS") on Count I, to run consecutively to the sentence for Count II. Exhibit A; *see also* Exhibit E, *infra*. On Count II, the Desoto County Circuit Court sentenced Brown to serve a term of

five years in the custody of the Mississippi Department of Corrections ("MDOC"). *Id.*[1] At the time of the filing of the instant petition, Brown was in the custody of the MDOC; however, his MDOC Inmate Time Sheet reflects that he was released on probation on July 4, 2020.[2] Exhibit C.

Brown appealed his convictions and sentences, raising the following issues, through counsel:

I. The indictment failed to adequately notify Mr. Brown of the nature and cause of the accusations, rendering the indictment ineffective.

II. The State failed to prove the essential elements of the crime.

III. The trial court erred by not suppressing the interrogation video.

IV. Mr. Brown was denied effective assistance of counsel.[3]

V. There was cumulative error that deprived Mr. Brown of his right to a fundamentally fair and impartial trial.

*See* SCR, Appellant's Brief. On April 25, 2017, the Mississippi Court of Appeals affirmed Brown's convictions and sentences in a published opinion, attached hereto as Exhibit D (*Brown v. State*, 226 So. 3d 102 (Miss. Ct. App. 2017)); however, the Mississippi Court of Appeals remanded the case to the Desoto County Circuit Court for correction of a clerical error in the sentencing order. *Id.* at 111.[4]

---

[1] On July 21, 2015, the Desoto County Circuit Court entered a *nunc pro tunc* "Trial and Verdict" Order. Exhibit B.

[2] Brown filed a Notice of Change of Address in this case on July 1, 2020, advising this Court of his release date of July 4, 2020, and of his residential address. Doc. 9.

[3] Brown specifically alleged that his trial counsel was ineffective for: (1) failing to move to suppress the telephone conversation between Brown and the victim's mother; (2) failing to object to leading questions; and (3) failing to file a motion for a change of venue for Brown's trial. *See* SCR, Appellant's Brief.

[4] Specifically, the Mississippi Court of Appeals "remand[ed] for the circuit court to correct the sentencing order for Count I to include the term of imprisonment of ten years in MDOC custody, with all ten years suspended for Brown to serve the enumerated term of PRS." *Id.* at 111 (footnote omitted). Furthermore, with respect to Brown's claims for relief, the Mississippi Court of Appeals found no merit to any of the issues. With respect to Brown's claim regarding the exclusion of the audio-recorded phone, the Mississippi Court of Appeals found that the issue was

On June 13, 2017, pursuant to the appellate court's instruction, the Desoto County Circuit Court filed an Amended Sentencing Order, resolving the clerical issue. Exhibit E. The Mississippi Court of Appeals denied rehearing on September 12, 2017. Exhibit F. The mandate issued on October 3, 2017. Exhibit G. Brown did not file a petition for writ of certiorari to the Mississippi Supreme Court. *See* SCR, Case Folders 1, 2. The records of the Mississippi Supreme Court, as available on the court's official website, reflect that Brown never sought post-conviction review, as of the filing of the instant Motion to Dismiss.

On August 15, 2018, Brown filed his initial federal petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, which was docketed in Civil Action Number 3:18CV174-NBB-DAS. *See* Civil Action No. 3:18CV174-NBB-DAS, Doc. 1. Brown signed his initial petition; however, the following handwritten notation appears as "Signature of Attorney": "BRETT B. STEIN (by permission)." *Id.* at 15. On the same date, Stein filed an application for *pro hac vice* admission to represent Brown in Civil Action No. 3:18CV174-NBB-DAS. *See* Civil Action No. 3:18CV174-NBB-DAS, Doc. 2. Also on the same date, this Court entered an "Order Denying *Pro Hac Vice* Admission," explaining:

> Before the Court is attorney Brett B. Stein's application for *pro hac vice* admission to represent the plaintiff in this matter. However, Mr. Stein's application is deficient. While he reports that he is currently an attorney in good standing in Tennessee, he failed to attach a certificate to that effect. *See* UNIF. LOC. R. 83.1(d)(4) ("A non-resident attorney seeking to appear *pro hac vice* in a proceeding pending in a federal court of this state must submit a verified application, … accompanied by a certificate of good standing issued within ninety days of the date of the application by the licensing authority for all states, as well as the District of Columbia, where the

---

procedurally barred. *Id.* at 108–09 (citing *Webb v. State*, 113 So. 3d 592, 602 (¶ 35) (Miss. Ct. App. 2012) (holding that failure to specifically state grounds for excluding evidence waives the objection)). The Mississippi Court of Appeals alternatively, "[f]or the sake of thoroughness," addressed Brown's arguments "as they pertain[ed] to fundamental rights protected by the Constitution." *Id.* at 108–10. The Mississippi Court of Appeals further expressly declined to address Brown's claims of ineffective assistance of counsel on direct appeal. *Id.* at 111. The Mississippi Court of Appeals explained that it dismissed Brown's claims of ineffective assistance of counsel without prejudice to his ability to raise them in post-conviction proceedings, should he choose to do so. *Id.*

> applicant has been admitted to practice law.")
>
> Additionally, the application contains a "by permission" signature of resident attorney Robert A. Chamoun. A proper application must contain the resident attorney's true signature.
>
> The application for admission *pro hac vice* is, therefore, DENIED. However, Mr. Stein is free to seek admission *pro hac vice* anew by submitting a complete and proper application.

*See* Civil Action No. 3:18CV174-NBB-DAS, Doc. 3. The record reflects that no such application was submitted. *See* Civil Action No. 3:18CV174-NBB-DAS, Docket.

On March 9, 2020, Brown filed another copy of his federal petition for a writ of *habeas corpus*, which was docketed in the instant case. Doc. 1. The petition likewise contains Brown's signature, along with the following handwritten notation as "Signature of Attorney": "BRETT B. STEIN (by permission)." *Id.* at 15. Brown also answered paragraph eighteen of the petition, asserting that he and his wife "obtained the same lawyer Brett B. Stein to do this petition for habeas[,] and this petition was never filed." *Id.* at 13. Brown further alleges the circumstances regarding the transaction and his subsequent filing of a complaint with the Mississippi Bar Association regarding Stein. *Id.* at 14. Brown also states that he has records of the payment to Stein and that Brown can obtain a copy of the prison visitor's log showing that a "Mr. Golder" visited Brown on behalf of Stein; however, the record in this case reflects that Brown has failed to provide any of this information to the court, other than copies of correspondence with the Mississippi Bar Association and with appellate counsel. *See id*; *see also* Doc. 4 at 19–20, 25. On June 19, 2020, Brown filed a "Brief in Support of Petition for Writ of Habeas Corpus," arguing that he is entitled to equitable tolling and raising additional grounds for relief, as detailed below. *See* Doc. 4.

On June 23, 2020, this Court entered an "Order Consolidating Cases," directing the Clerk of Court to consolidate Brown's two federal *habeas corpus* cases:

> The [C]ourt take up, *sua sponte*, the consolidation of petitioner Jimmy T. Brown's two pending petitions for writs of *habeas corpus*: *Brown v.* Davis, 3:18CV174-NBB-DAS and *Brown v.* Davis, 3:20CV75-DMB-RP. Mr. Brown challenges the same conviction in each petition; indeed, the petitions appear to be identical. As such, the Clerk of the Court is **DIRECTED** to **CONSOLIDATE** these two cases.

Doc. 5. On June 24, 2020, the court entered an "Order Directing State to Respond" to this action, no later than September 6, 2020. Doc. 6.

**Grounds for Relief**

The court has liberally construed Brown's federal *habeas corpus* petition to assert the following claims for relief:

| | |
|---|---|
| Ground One: | The trial court erred in denying Brown's motion to suppress the police-initiated phone call with the victim's mother.[5] |
| Ground Two: | The trial court erred in denying Brown's motion to suppress his involuntary videotaped confession.[6] |
| Ground Three: | The indictment was overly broad, failed to provide sufficient notice of the charges, and led to a jury verdict which was not unanimous beyond a reasonable doubt.[7] |
| Ground Four: | Ineffective assistance of trial counsel for: |
| | (a) failure to file a motion to suppress the telephone recording between Brown and the victim's mother; |
| | (b) failure to object to leading questions by the State to the victim on direct and re-direct examination; and |
| | (c) failure to move for a change of venue for Brown's trial.[8] |
| Ground Five: | There was cumulative error that deprived Mr. Brown of his right to a fundamentally fair and impartial trial.[9] |

---

[5] Doc. 1 at 5.

[6] Doc. 1 at 7.

[7] Doc. 1 at 8.

[8] Doc. 4 at 16-17.

[9] Doc. 4 at 7.

Docs. 1, 4. The instant petition timely filed, as Brown filed his initial petition in this court on August 15, 2018.

## Exhaustion

Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> > (A) the applicant has exhausted the state remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> > (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
> >
> > . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal *habeas* petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial

courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'"
*Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted). The petitioner must present these claims to the Mississippi Supreme Court in a procedurally proper manner before he may proceed with the instant petition. Mr. Brown has not, however, done so in the present case. He did not pursue his direct appeal through to the Mississippi Supreme Court, and he has not sought state post-conviction collateral relief and pursued it to completion in that court.

**Stay and Abeyance**

A district court may hold a federal petition for a writ of *habeas corpus* in abeyance while a petitioner exhausts his claims in state court. *See Rhines v. Weber*, 544 U.S. 269 (2005). Courts most often consider this remedy when dismissal of the petition might result in the petitioner losing his opportunity for federal review of his claims because a second petition, filed after the claims have been presented to the state court, would be barred under the AEDPA's one-year limitations period. *Id*. at 274–77. The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances" because a "stay and abeyance has the potential to 'frustrate AEDPA's objection of encouraging finality' and 'AEDPA's goal of streamlining federal habeas proceedings.'" *Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) (citing *Rhines,* 544 U.S. at 277). The Fifth Circuit has further explained that the granting of a stay "effectively excuses a petitioner's failure to present his claims first to state court[.]" *Neville v. Dretke*, 423 F.3d 474, 479 (5th Cir. 2005). Therefore, a stay is only appropriate when the petitioner can show good cause for failure to exhaust his claims in state court first. *Id*. at 277.

In this case, dismissal of the petition would preclude later refiling because the statute of limitations under 28 U.S.C. § 2244(d) has run during the pendency of the instant petition. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). Mr. Brown has alleged great difficulty in procuring the

services of an attorney; at minimum, he alleges a serious miscommunication regarding whether counsel even filed a petition on his behalf. Indeed, court staff had significant difficulty contacting counsel listed as attorney of record to determine whether he had actually taken the case. These miscommunications led to significant delays. The court will thus stay instant petition and hold the case in abeyance to give Mr. Brown the chance to pursue relief in state court and exhaust his remedies there. *See Rhines*, 544 U.S. at 274–77; *see also* Miss. Code Ann. § 99-39-5.

### Deadline for Presenting Claims to the Mississippi Supreme Court

This court will not, however, hold the present case in abeyance indefinitely. ***Instead, if he chooses, the petitioner may initiate the process to properly present these claims to the Mississippi Supreme Court within 60 days from the date of this order***. The petitioner must file a notice with the court on or before that deadline informing the court whether he intends to seek relief in state court and – if he is pursuing post-conviction relief – the status of the proceedings. If the petitioner does not file a timely notice with the court, then the instant case will be dismissed without prejudice for failure to exhaust state remedies.

**SO ORDERED**, this, the 9th day of July, 2021.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE